# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 10, 2026 Session

## LAURA KISANA v. ISAAC CALDIERO

**Appeal from the Circuit Court for Hamilton County**
**No. 21C102  Kyle E. Hedrick, Judge**

———————————————————

### No. E2025-01350-COA-R3-CV

———————————————————

Because the order from which the appellant has filed an appeal does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, P.J., E.S.; KRISTI M. DAVIS, J.; AND WILLIAM E. PHILLIPS, II, J.

James T. Williams, Chattanooga, Tennessee, for the appellant, Isaac Caldiero.

Billy W. Pemerton, Chattanooga, Tennessee, for the appellee, Laura Kisana.

## MEMORANDUM OPINION[1]

The appellant, Isaac Caldiero ("Appellant"), filed a notice of appeal with this Court in September 2025, which states that Appellant is appealing the August 8, 2025 order of the Hamilton County Circuit Court ("the Trial Court"). Upon receiving the appellate record in this appeal, this Court reviewed the record on appeal to determine if the Court has subject matter jurisdiction over the appeal pursuant to Tennessee Rule of Appellate Procedure 13(b). Based on that review, we have determined that the order appealed is not

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

a final judgment subject to an appeal as of right under Tennessee Rule of Appellate Procedure 3.

In the complaint, the appellee requested an award of attorney's fees pursuant to Tennessee Code Annotated § 29-27-121. However, the Trial Court's August 8, 2025 order, from which the appellant seeks to appeal, does not address attorney's fees. Because it appeared that there was no final judgment in the underlying trial court proceedings, this Court entered a show cause order on December 30, 2025, providing Appellant thirty days to obtain a final judgment or else show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. Instead of obtaining a final judgment from the Trial Court, Appellant filed a response to this Court's show cause order, in which he acknowledges that the Trial Court had not addressed the request for an award of attorney's fees despite stating the August 8, 2025 order was final. However, Appellant requested this Court suspend the finality requirement of Tennessee Rule of Appellate Procedure 3 for good cause shown and allow this appeal to proceed.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

A pending motion for attorney's fees prevents a final judgment. *See e.g., E. Solutions for Buildings, LLC v. Knestrick Contractor, Inc.* No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *4 (Tenn. Ct. App. April 17, 2018) (finding that order directing parties to re-submit requests for attorney's fees after appeal was "improvidently certified as final," and holding that because the trial court did not dispose fully and finally of claim for attorney's fees, this Court lacked jurisdiction); *Grand Valley Lakes Property Owners' Assoc., Inc. v. Gunn*, No. W2008-01116-COA-R3-CV, 2009 WL 981697, at *3 (Tenn. Ct. App. April 13, 2009) (stating "the circuit court did not resolve Grand Valley's request for attorney's fees . . . . As we have stated, except as otherwise permitted in Rule 9 and in Rule 54.02, an order adjudicating fewer than all the claims of the parties is not a final, appealable order.").

Although the appellate courts have held that this Court may suspend the finality requirement for good cause shown, "we will not suspend Rule 3 as a mere convenience or to work an end-run around Rule 54.02 of the Tennessee Rules of Civil Procedure, or Rules 9 and 10 of the Tennessee Rules of Appellate Procedure." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990); *see also Barton v. Keller*, No. W2024-00735-COA-R3-JV, 2025 WL 1091645, at *4 (Tenn. Ct. App. Apr. 8, 2025). This Court disfavors piecemeal review of the parties' claims, and "judicial economy alone does not justify abandoning the

requirement of finality." *Williams v. Tennessee Farmers Life Reassurance Co.*, No. M2010-01689-COA-R3-CV, 2011 WL 1842893, at *6 (Tenn. Ct. App. May 12, 2011). This Court will suspend the requirement of finality "only in the most extenuating circumstances, where justice so demands." *Id.* Although Appellant argues that "[a]dditional hearings on ancillary issues such as attorney fees in the context of [a] partition sale will needlessly delay the resolution of the parties' respective interests in the house," piecemeal review of the underlying action has the potential to prolong resolution of the issues between the parties. In this case, the interests of justice and judicial economy would not be served by this Court continuing to exercise jurisdiction over this appeal with no appealable final judgment. *See Bayberry Assocs.*, 783 S.W.2d at 559; *Williams*, 2011 WL 1842893, at *6.

Based on the foregoing, the court order from which Appellant seeks to appeal does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Isaac Caldiero, for which execution may issue.

**PER CURIAM**